**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| IRAQ MIDDLE MARKET<br>DEVELOPMENT FOUNDATION<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMAD ALI<br>MOHAMMAD HARMOOSH aka<br>MOHAMMED ALHARMOOSH,<br>et al.<br><br>Defendants. | CASE NO. 1:15-cv-01124-GLR |

## JOINT STATUS REPORT

Plaintiff Iraq Middle Market Development Foundation ("Plaintiff" or "IMMDF") and Defendants Ali Mohammad Harmoosh a/k/a Mohamed Alharmoosh and Jawad Alharmoosh (collectively "Defendants"), through their respective counsel, hereby submit this joint status report pursuant to the Memorandum issued by this Court on January 16, 2020 (Dkt. # 60) with respect to Phase I of this action.

> **a.     Whether the parties would like to participate in a mediation**.

The parties do not believe that mediation would be productive at this time.

> **b.     Whether the parties object to having the case transferred to a U.S. Magistrate Judge for all further proceedings.**

Plaintiff's Position: Plaintiff does not object to having the case transferred to a U.S. Magistrate Judge for all further proceedings.

Defendants' Position:  Defendants object to having the case transferred to a U.S. Magistrate Judge for all further proceedings.

**c.      The status of discovery and the trial's likely duration.**

Discovery has closed with respect to Phase I of this litigation. With respect to the trial's likely duration, the parties' positions are as follows:

Plaintiff's Position: Plaintiff anticipates that the trial as to Phase I will last no more than four days. Although the issues that remain to be resolved are very narrow, Plaintiff believes that a number of trial witnesses will need to testify through interpreters which will prolong each witness's time on the stand.

Defendants' Position: Defendants anticipate that trial as to Phase I will last up to four days. However, Defendants note that many witnesses are not located in the United States and thus anticipates that issues regarding their ability to appear at trial will need to be addressed as a pretrial matter.

**d.      Any other issues the parties wish to bring to the Court's attention.**

Plaintiff's Issues: Plaintiff would like to note that

Plaintiff's estimate for the trial is based on its request that the sole question of fact remaining for Phase I be decided by a jury. To the extent the right to a jury trial is disputed by Defendants, this issue should be decided before trial can be scheduled.

As an initial point, both parties demanded a trial by jury in their pleadings. *See* Complaint (Dkt. # 1 at 8); Answer (Dkt. # 37 at 7); Amended Answer (Dkt. # 43 at 6). Fed. R. Civ. P. 38(d) permits the withdrawal of a proper jury demand "only if the parties consent." *See also, Cram v. Sun Ins. Office, Ltd.,* 375 F.2d 670, 675 (4th Cir. 1967) ("Although neither Cram nor Wahab filed a demand for a jury trial under Fed. R. Civ. P. 38(a), Sun did file such a demand. Under Rule 38(d)

Sun may not withdraw that demand without the consent of the opposing party"). Plaintiff has not consented and does not consent to Defendants' withdrawal of their jury demand at this stage.

In the January 5, 2018 Joint Status Report filed by the parties (Dkt. # 48), Defendants purported to withdraw that demand for purposes of the Phase I trial of this matter, stating that "as only equitable claims are asserted for recognition of a foreign judgment with respect to Phase I of the action, Defendants believe a non-jury trial is appropriate."   Neither at that point nor at any point since have Defendants provided any authority in support of their assertion that an action filed under the Maryland Uniform Foreign Judgment Recognition Action is an equitable claim. Indeed, Plaintiff raised this issue in its initial brief to the Fourth Circuit (*see*, Brief of Appellant, U.S. Court of Appeals Case No. 18-2212, *Iraq Middle Market Development Foundation v. Harmoosh*, 2018 WL 6571090 (C.A.4), December 11, 2018, at footnotes 8 and 15) and Defendants made no effort to refute that position (*see*, Brief of Appellees, U.S. Court of Appeals Case No. 18-2212, *Iraq Middle Market Development Foundation v. Harmoosh*, 2019 WL 181068 (C.A.4), January 9, 2019).

Specifically, and as outlined in Plaintiff's appellate brief, the Seventh Amendment provides a jury trial for "suits at common law, where the value in controversy shall exceed twenty dollars[.]" The Maryland UFMJRA "codifies the common law as applied by the majority of United States courts." Cedric C. Chao & Christine S. Neuhoff, *Enforcement and Recognition of Foreign Judgments in United States Courts: A Practical Perspective*, 29 PEPP. L. REV. 147, 150 (2001); *see also Chevron Corp. v. Salazar*, No. 11 CIV. 0691 LAK, 2011 WL 3628843, at *7 (S.D.N.Y. Aug. 17, 2011) (citing *Little v. Little*, 127 Mont. 152, 155–56, 259 P.2d 343, 344 (1953) (noting that "it seems beyond serious question that "[a]ction to recover a money judgment on a foreign

judgment ... is clearly an action at law") (internal quotations omitted). Defendant's claim that an action to recover under the UFMJRA is an "equitable claim" is without any legal support.

The Supreme Court has held that the right to jury trial applies to "a statutory cause of action that, although unknown at common law, is analogous to common-law causes that were tried before juries." *City of Monterey v. Del Monte Dunes at Monterey, Ltd*., 526 U.S. 687, 729, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999) (citing *Feltner v. Columbia Pictures Television, Inc*., 523 U.S. 340, 347–48 (1998)). Since an action to recover on a foreign judgment is an action at law, as noted above, the right to a trial by jury attaches to it, as UFMJRA is mere codification of actions long recognized at law.

In response to Defendants' request that the jury issue requires briefing, Plaintiff objects to any briefing that might delay the scheduling conference.  Plaintiff outlined its position on the jury issue as early as January 2018 and Defendants have never responded except with the same conclusory statement made here. This case has been pending for nearly five years and this issue should not delay matters further. To the extent the Court believes briefing is needed, Plaintiff requests that it be on a very expedited briefing schedule so that the issues can be ruled on or at least argued at the scheduling conference. As these important issues are before the Court, Plaintiff would also request that the scheduling conference not be held telephonically, i.e., that the parties be permitted the option to appear in person to address these issues.

Defendants' Position:  Defendants agree that the scope of the issues to be tried and whether trial must be by jury are issues that must be decided before further proceedings.  Defendants respectfully request that the Court set a briefing schedule for the parties to fully brief the issues for the Court before a determination is made.  As a status report is not the appropriate vehicle to brief this issue in detail, Defendants briefly note that the issues in Phase I of this action revolve around

the equitable principle of waiver of the arbitration right.  Thus, as the issue is equitable in nature, there need not be a jury trial.  As they do now, Defendants raised this issue in a previous status report to bring the issue to the Court's attention in a previous status report.  As this issue must be decided prior to further proceedings, Defendants request the opportunity to brief the issue in an appropriate manner.  Defendants are prepared to brief this issue pursuant to a schedule set by the Court in advance of any status conference.

Dated: January 21, 2020                    Respectfully submitted,

                                           KALBIAN HAGERTY LLP

                                           /s/ D. Michelle Douglas
                                           Haig V. Kalbian, Esq.
                                           D. Michelle Douglas, Esq.
                                           888 17th Street, N.W., Suite 1000
                                           Washington, D.C. 20006
                                           Phone: (202) 223-5600
                                           Fax: (202) 223-6625
                                           E-mail: hkalbian@kalbianhagerty.com
                                           E-mail: mdouglas@kalbianhagerty.com
                                           *Counsel for Plaintiff Iraq Middle Market Development Foundation*

                                           /s/ Mukti N. Patel
                                           Mukti N. Patel, Esq.
                                           (Admitted *Pro Hac Vice*)
                                           Fisher Broyles LLP
                                           100 Overlook Center, Second Floor
                                           Princeton, New Jersey 08540
                                           Phone: (609) 436-9898
                                           Fax: (732) 414-2570
                                           E-mail:  mukti.patel@fisherbroyles.com
                                           *Counsel for Defendants*

                                           Gary C. Adler, Esq.
                                           ADLER LAW, PLLC
                                           1818 Library Street, Suite 500
                                           Reston, Virginia 20190
                                           Phone: (703) 956-3505
                                           Fax:  (703) 956-3009
                                           E-mail:  gadler@adlerlawpllc.com
                                           *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 21st day of January 2020 that I have electronically filed the Joint Status Report with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Gary C. Adler, Esq.
ADLER LAW, PLLC
1818 Library Street
Suite 500
Reston, Virginia 20190

Mukti N. Patel, Esq.
(Admitted *Pro Hac Vice*)
Fisher Broyles LLP
100 Overlook Center
Second Floor
Princeton, New Jersey 08540
*Counsel for Defendants*

/s/ D. Michelle Douglas
D. Michelle Douglas